UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-864-MOC-SCR

| | | |
|---|---|---|
| **JARIN M. WRAY, pro se,** <br><br> **Plaintiff,** <br> **vs.** <br><br> **MQMF CHARLOTTE SOUTHPARK, LLC, ET AL.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on an initial review by the Court of Plaintiff's action. (Doc. No. 1).

**I. BACKGROUND**

Pro se Plaintiff Jarin M. Wray filed this action, naming as Defendants MQMF Charlotte Southpark, LLC, Willow Bridge Property Company National, LLC, Lincoln Property Company E.C.W., LLC, and ZOM Holding, Inc. Plaintiff asserts that jurisdiction arises under 18 U.S.C. § 1014 (false statements), 18 U.S.C. § 1344 (bank fraud); 18 U.S.C. § 1031 (major fraud against the United States); and 18 U.S.C. § 1956 (laundering of monetary instruments).

Plaintiff purports to bring claims against Defendants based on the following factual allegations in the Complaint:

> The companies were engaged in fraud schemes with China. I moved into Hazel Southpark in January 2024 as I was working a previous China related case against RTX Corporation—no response (3:25cv656). As the case was nearing the response deadline of 9.5.2025, HazelPark decided not to renew my lease on 9.3.2025, the evening of the morning I sent RTX their discovery and interrogatories next step, which RTX declined. I ran the business entity analysis to the root cause—it is China $37.7B calculated.

(Doc. No. 1 at 4). Attachments to the Complaint show a letter from HazelPark to Plaintiff, stating

that is not renewing Plaintiff's apartment lease, which is slated to end on December 6, 2025. See (Doc. No. 1-1 at 19). As relief, Plaintiff seeks "[i]mmediate payment of $50 million," "transfer entity, bank account, and stock asset ownership for all live and physical locations. Weekly status report. Dissolve all shell entities. Weekly status report until complete." (Id.).

## II. STANDARD OF REVIEW

Although Plaintiff is not proceeding in forma pauperis, this action is still subject to initial review pursuant to the inherent authority of the court to ensure that a plaintiff has standing, that federal jurisdiction exists, and that the case is not frivolous. "It is well established that a court has broad inherent power sua sponte to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." See Hamilton v. United States, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020), adopted, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (internal citations omitted); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff, proceeding pro se, purports to bring various actions under Title 18 of the United States Code against various named Defendants. Plaintiff's grievances appear to arise out

of Plaintiff's landlord's decision not to renew the lease on his apartment in Charlotte, North Carolina. (Doc. No. 1-1 at 19). Plaintiff cannot proceed in a private action under Title 18, which is the federal criminal code. Thus, Plaintiff has not shown that this Court may assert subject matter jurisdiction in this matter. Furthermore, and in any event, Plaintiff's Complaint does not state a legal claim for which Plaintiff is entitled to relief. For these reasons, Plaintiff's action must be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed without prejudice to Plaintiff to challenge the non-renewal of his apartment lease in the North Carolina state courts.

**IT IS, THEREFORE, ORDERED** that:

(1) This matter is dismissed without prejudice.

(2) The Clerk is directed to terminate this action.

Signed: November 26, 2025

Max O. Cogburn Jr
United States District Judge